VITO G. DICRISTINA, ESQ. Special Counsel to the Mayor, New Hyde Park
We acknowledge receipt of your letter in which you inquire:
"May a vacancy in office caused other than by expiration of the term be filled by the mayor, without the approval of the board of trustees, when that vacancy continues beyond the expiration of the term due to the failure of the board of trustees to approve the mayor's appointee at the expiration?"
You state that in your village certain vacancies in appointive offices occurred prior to the expiration of the terms thereof. You point out that under Village Law, § 3-312, subdivision 3, paragraph a, these vacancies could have been filled by the mayor for the unexpired portion of those terms without approval by the board of trustees but you say the mayor did not make appointments to fill those offices. We note that the vacancies occurred, for the most part, in the last month of the official village year and assume that the failure to fill those vacancies was the expectation of the mayor that at the first meeting of the village board of trustees for the present official village year he would make appointments to those offices in normal course which appointments would be approved by the village board of trustees as is required by Village Law, § 4-400, subdivision 1, paragraph c. However, as events developed, the appointments were not approved by the village board of trustees and those offices still remain vacant. This office has rendered an informal opinion (1974 Opinion of the Attorney General 198) that a village mayor is entitled to vote on the question of approval of his appointees because he is a member of the village board of trustees; we conclude that a maximum of only one other member of the board of trustees is willing to vote to approve the appointments because a total of three votes for approval, which three votes would include the mayor's vote, would be sufficient. The foregoing factual pattern has given rise to your inquiry.
Public Officer Law, § 5, provides, in pertinent part, as follows:
 "Every officer * * * having duly entered on the duties of his office, shall, unless the office shall terminate or be abolished, hold over and continue to discharge the duties of his office, after the expiration of the term for which he shall have been chosen, until his successor shall be chosen and qualified; but after the expiration of such term, the office shall be deemed vacant for the purpose of choosing his successor. * * *"
Note that the statute expressly provides that after the expiration of the term the office shall be deemed vacant for the purpose of choosing a successor.
As pointed out in our informal opinion (1974 Opinions of the Attorney General 118), if any vacant appointive office had been filled by the mayor prior to the expiration of the term thereof and the appointee had entered on the duties of his office, the appointee would have held over in office and the failure of the village board of trustees to approve the appointment of a successor would not leave the village with no one occupying the office.
The failure of the village board of trustees to approve the mayor's appointments to office can, under circumstances such as exist in your village, leave a village government in a position of being an ineffective tool for conducting municipal affairs. In the case of elective office, the Legislature has provided a means of filling a vacancy when the authority to fill it is vested in a board and such board is unable to agree. Public Officers Law, §42, subdivision 5 authorizes the governor, under those circumstances, to proclaim a special election to fill the vacancy. No similar provision exists applicable to appointive offices. We find no provision which can be utilized to make the appointments to the vacant offices in your village now that the new official year has commenced, except Village Law, § 4-400, subdivision 1, paragraph c (supra).
In our opinion, there is no such thing in the contemplation of the law as a hold over vacancy which continues beyond the normal expiration date of the term of the office: therefore, where there is a difference in the means of filling a vacancy in office occurring before the expiration of the term thereof and the means of filling an office vacant because of the expiration of the term thereof, the means used must be appropriate to the vacancy which exists. In your case, the vacancy in office which occurred prior to the expiration of the term thereof and which was not filled before the commencement of the current official year of your village has been converted by the passage of time to a vacancy in office due to expiration of term. It may be filled only pursuant to the provisions of Village Law, § 4-400, subdivision 1, paragraph c. See, also, informal opinion reported in 1974 Opinions of the Attorney General 117.